Wilson, Justice, delivered the opinion of the court: After trial and verdict against the defendant, in the court below, he applied for a new trial, which was refused. To reverse that decision this appeal-is prosecuted. The motion for a new trial was founded on an affidavit made by the defendant himself, setting forth that he believed that he could prove by one O. Ellers, that $300, which was charged in the plaintiff’s account, and for which the verdict was in part rendered, was paid to him by O. Ellers, as clerk of the plaintiff", in discharge of a note which he held against the plaintiff. H,e also states that Ellers left the country before the commencement of this suit, and that although he had made diligent search and en-quiry, he had been unable to obtain any knowledge of his place of residence, before the trial; but that since theñ, he had learned that he was in the State of Delaware, and would be able to take his deposition by the next term of the court, if allowed a new trial. This is a strong affidavit; but from the manner in which the case is presented, there are several objections to its sufficiency for the object intended. This application is not made [* 456] upon the ground of newly discovered testimony, though ' it is of that character; and to enable the court fully to understand its merits, the bill of exceptions should have embodied the testimony given upon the trial. This, however, it does not do, and without a knowledge of the testimony in the cause we are unable to determine to what extent the testimony expected to be procured would be availing upon a rehearing, or whether it would not be merely cumulative. Upon a motion for a new trial, because of the verdict being against evidence, or on account of newly discovered evidence, or, as in this case, the recent ability to procure that which was •previously known to exist, it has been repeatedly decided that a statement of all the testimony given upon the former trial, is, in general, indispensable, in order to inform the court of the merits of the application; and this case illustrates the propriety of the rule. For aught that appears, the testimony adduced by the plaintiff, in support of his account, may have been so conclusive as altogether to outweigh the testimony given by the defendant, as well as that which he expects to procure; and if so, there was no propriety in awarding a new trial. Nor does it appear but that the defendant introduced evidence tending to prove the same facts, which'he thinks he can prove by this absent witness. If such were the fact, his testimony would be but cumulative, a kind of evidence that the court will rarely grant a new trial for the purpose of letting in; Under these circumstances, then, we cannot say the defendant was entitled to a new trial. If he liad not been willing to go to trial without the testimony which he now seems to consider so important, he ought to have moved for a continuance of the cause, for the purpose of enabling him to procure his testimony. For this purpose the court would most probably have considered the affidavit sufficient, though it might well doubt its sufficiency to set aside a verdict which the party liad voluntarily agreed to risk. This is not of that class of affidavits which the court is under a legal obligation to treat as true, although it may bear upon its face the impress of falsehood, but it is subject to the scrutiny of its judgment and reason; and when thus tested, without charging the defendant with falsehood, we are constrained to say that it would have required a large share of credulity in the court, to have given implicit credit to the statement of the defendant, that he had made the most diligent search, and enquiry for about two years, to ascertain the place of residence of the witness, in order to take his deposition, which had proved entirely unavailing; but as soon as the verdict was rendered against him, and a knowledge of this fact was thought necessary to procure a new trial, it was at once discovered, on the same day the verdict was rendered, and by means that are not.dis'closed. To have given the semblance of truth to a statement of such equivocal character, the party should at least have explained the means by which this opportune discovery was made, • and he not having done so, the court for that reason [*457] might have properly refused a new trial. The judgment is therefore affirmed. Judgment affirmed.